# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMIEL L. WILLIAMS,<br>    Plaintiff, | : | |
| v. | : | CIVIL ACTION NO. 19-CV-5130 |
| BRENDA V. FRANCOIS-WILLIAMS,<br>*et al.*,<br>    Defendant. | : | |

## MEMORANDUM

**ROBRENO, J.**                                                                                            **JANUARY 13, 2020**

*Pro se* Plaintiff Jamiel L. Williams, a pretrial detainee previously held in custody at Norristown State Hospital and now detained at the Philadelphia Industrial Correctional Center, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 using the Court's preprinted form. He also filed a Motion for Leave to Proceed *In Forma Pauperis*. For the following reasons, Williams will be granted leave to proceed *in forma pauperis* and his Complaint will be dismissed in part without prejudice for lack of subject matter jurisdiction and in part with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.    FACTS

Williams's Complaint is brief. He asserts that on on April 23, 2019 he found out that his wife, Defendant Brenda V. Francois-Williams, was cheating on him with his cousin Defendant Donatein M. Lake, Jr. (ECF No. 2 at 2.)[1] He claims that Lake lied about Williams's drug use causing Francois-Williams to toss his belongings in the trash. (*Id.*) He also alleges that Lake attacked him with a machete, requiring stitches. (*Id.* at 3.) It appears that he seeks to sue both

---

[1] The Court adopts the pagination assigned by the CM/ECF docketing system.

individuals on a theory of alienation of affection, and to sue Lake for assault. (*Id.* at 3-5.) He has also named as Defendants the State of New York and the New York State Department of Parole for failing to monitor Lake (who was presumably on parole in that State) and for permitting Lake to leave New York State. (*Id.* at 5.) He seeks monetary damages from the New York State Defendants in the amount of $1 million. (*Id.*)

## II.  STANDARD OF REVIEW

The Court will grant Williams leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fee to commence the civil action.[2] Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Complaint if, among other things, it is frivolous or fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Williams is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

When allowing a plaintiff to proceed *in forma pauperis*, the Court must also determine whether the plaintiff has set forth a proper basis for this Court's subject matter jurisdiction. 28 U.S.C. § 1915(e)(2)(B); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks

---

[2] A review of publicly available records shows that Williams is a being held as pretrial detainee awaiting trial on charges of murder, aggravated assault, burglary and related charges. *See Commonwealth v. Williams*, CP-51-CR-4294-2019 (Phila. C.C.P.). As he is a prisoner, he is subject to the obligation to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(h).

subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Henango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). As a plaintiff commencing an action in federal court, Williams bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

## III. DISCUSSION

### A. Claims Against New York State Entities

The Eleventh Amendment bars suits against a state and its agencies in federal court that seek monetary damages. *See Pennhurst State Sch. And Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984); *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003). Accordingly, Williams's claims against the State of New York and the New York State Department of Parole are dismissed with prejudice because the claims are barred by the Eleventh Amendment.

### B. Common Law Claims Against Francois-Williams and Lake

While Williams used a form complaint normally utilized by prisoners seeking to file federal civil rights claims under 42 U.S.C. § 1983, he raises only state law claims against Francois-Williams and Lake for alienation of affection and assault.[3] The only basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction

---

[3] There is no allegation that these Defendants are state actors and, therefore, they are not subject to liability under § 1983.

over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

When he filed the Complaint, Williams asserted that he was located at Norristown State Hospital. When he later filed a motion for leave to proceed *in forma pauperis*, he asserted he was located at the Philadelphia Industrial Correctional Center. Williams asserted in the Complaint that Francois-Williams is in custody in the Philadelphia prison system, and that Lake lives in Staten Island, New York. Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). As Williams asserts that both he and Francois-Williams are located in Pennsylvania, complete diversity of citizenship is lacking.

Accordingly, Williams's Complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for lack of subject matter jurisdiction as to Defendants Francois-Williams and Lake. The claims against the New York Defendants are dismissed with prejudice. An appropriate Order follows.